(May 12, 1944.)

WILLIAM GOBLET, Appellant, v. NEW YORK POWER & LIGHT CORPORATION, Respondent.— Appeal from a judgment of the County Court of Schoharie County (Wharton, J.), entered in the Schoharie County clerk's office December 23, 1942, affirming a judgment of the Justice's Court of the Town of Middleburg, entered upon the verdict of a jury dismissing plaintiff's complaint in an action for trespass and awarding defendant judgment against plaintiff in the sum of $57.24 upon its counterclaim. If plaintiff was indebted to defendant for the electric service sued for upon the latter's counterclaim, no trespass was committed by defendant's acts in discontinuing such service at plaintiff's residence. Whether plaintiff was so indebted became a question of fact under the conflicting evidence presented at the trial. We think there was sufficient evidence to support the findings implicit in the jury's verdict. Judgment affirmed, without costs. Hill, P. J., Heffernan, Schenck and Brewster, JJ., concur; Bliss, J., taking no part.

GERALD H. OVERBAGH, Respondent, v. GEORGE MEDWIN, Appellant. GEORGE MEDWIN, Appellant, v. GERALD H. OVERBAGH, Respondent. GEORGE TERPENING, Respondent, v. GEORGE MEDWIN, Appellant.— Appeal from judgments in three actions, (1) for personal and property damage to Overbagh, driver of the southerly bound car against Medwin, driver of the northerly bound car approaching from the westerly macadam road; (2) of no cause of action for Medwin in an action against Overbagh; (3) for personal injuries to Terpening, a passenger in the Overbagh car against Medwin. Medwin drove his car upon the westerly concrete strip disregarding warning lights and a stop sign, and collided with the Overbagh car which was in its proper place upon the highway. Judgments affirmed, with one bill of costs and disbursements. All concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THELMA M. HALLOCK, Appellant.— Appeal from a judgment of the County Court of Tompkins County sentencing appellant to State prison for not less than one and one-half and not more than three years upon her conviction by a jury of forgery, third degree. Appellant was indicted for grand larceny, first degree, and forgery, third degree. It was claimed that she embezzled $1,696.38 from her employer and that she kept false accounts in order to conceal her theft. The jury disagreed as to the grand larceny count in the indictment, but found appellant guilty of the forgery count. While the jury was deliberating it wrote a note to the Trial Judge asking if it might find a verdict of guilty on the forgery count without finding the same verdict on the larceny count. The note was delivered to the Judge while in chambers, and he wrote an answering note to the jury stating that it was within its province to find a different verdict upon each count. The jury was not called in for such further instructions and the District Attorney, with commendable frankness, concedes that defendant's attorney, who was present when the note was received by the Judge and the answer written, took exception to the procedure. We know of no authority for such procedure. If the jury desired further instructions it should have been recalled and such instructions given in open court with full opportunity to the defendant to be present, to take exception to the instructions as given and to request further instructions. Judgment of conviction reversed on the law and facts and a new trial granted. Bliss, Heffernan and Brewster, JJ., concur; Hill, P. J., and Schenck, J., dissent and vote to affirm under section 542 of the Code of Criminal Procedure.